COPE, J.
(dissenting).
This case has a peculiar history. The appellant-employee was discharged by the employer Viking Life-Saving Equipment America, Inc. A claims adjudicator awarded him unemployment benefits, and Viking appealed. There was an evidentiary hearing before the appeals referee at which the employee’s immediate supervisor testified, as well as the station manager. The referee found that the employee was guilty of disqualifying misconduct as defined in section 443.036(26), Florida Statutes (1997).
The referee’s finding is thoroughly supported by competent substantial evidence. Read in the light favorable to the testimony of the station manager and supervisor (which the referee believed), the employee failed to repair defective rubber on a life raft for an oceangoing vessel; covered up the defective area with packing powder (which is applied prior to repacking the raft into its fiberglass case) (R. 36); and failed to replace parts that the supervisor had ordered him to replace (R. 60). Had it not been detected the work failure could have exposed the customer to a risk of life raft failure, and the employer to significant financial exposure. (R. 42). The employee had been previously corrected for substandard work (R. 36, 41, 62-63).
The employee appealed the denial of benefits to the Unemployment Appeals Commission. In the meantime, the employer for whatever reason had a change of heart, and the station manager submitted the following letter to the Unemployment Appeals Commission:
Dear Appeals Commission:
Viking Life-Saving Equipment, Inc. discharged Francisco Garcia on December 31, 1997 for his failure to properly inspect and repair a particular life raft. Viking LifeSaving Equipment, Inc.’s decision to discharge Francisco Garcia was based solely on this one single act constituting unacceptable job performance. Viking Life-Saving Equipment, Inc. does not contend that Mr. Garcia’s acts were deliberate or done intentionally to injure the company.
Viking Life-Saving Equipment, Inc. stipulates that the Appeals Referee’s findings of fact, conclusions of law, and decision were not supported by competent and substantial evidence. Therefore, Viking Life-Saving Equipment, Inc. hereby stipulates to the reversal of the Appeals Referee’s decision which reversed the determination of the claims adjudicator. Furthermore, Viking Life-Saving Equipment, Inc. hereby stipulates to the reinstatement of unemployment compensation benefits for the Claimant/Employee, Francisco Garcia.
*297 Respectfully submitted by,
/s/ Poul Jensen_
Poul Jensen, on behalf of Viking
Life-Saving, Equipment, Inc.
(S.R.110).
Although carefully worded, the letter does not retract any of the testimony by Mr. Jensen or the immediate supervisor at the evidentiary hearing. The Commission thus correctly concluded that the letter did not constitute newly discovered evidence which would warrant a reopening of the evidentiary proceeding.
Insofar as Viking stipulated to the reinstatement of unemployment benefits, the question whether to accept that stipulation was a matter for the decision of the Unemployment Appeals Commission. Such a stipulation would be dispositive in the case of purely private litigation. However, the Commission is charged with the administration of public funds. Notwithstanding the change of heart by the employer, the Commission was entitled to take the view that, on the evidence presented, the conduct was disqualifying. Naturally Viking may give the employee severance pay at its own expense should it so choose.
The Commission’s ruling should be sustained.